UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN MARCUS ZINMAN,<br><br>              Plaintiff,<br><br>    v.<br><br>R. COGBURN,<br><br>              Defendant. | Case No. 1:24-cv-01320-CDB (PC)<br><br>ORDER TO SHOW CAUSE IN WRITING WITHIN 30 DAYS WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>ORDER TO SUBMIT APPLICATION TO PROCEED IN FORMA PAUPERIS OR PAY FILING FEE WITHIN 45 DAYS<br><br>Clerk of the Court to Attach IFP Application |

**Background**

Plaintiff Justin Marcus Zinman is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint with this Court on October 28, 2024. (Doc. 1).

Plaintiff has not paid the $405.00 filing fee or submitted an application to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915. Accordingly, the Court will direct Plaintiff to pay the filing fee in full or submit an IFP application.

Furthermore, a brief review of the complaint reveals the incident giving rise to Plaintiff's claims occurred on September 27, 2024. (*Id.* at 7). In his complaint, Plaintiff attests that his "claims

1   have not been formally exhausted because . . .there is no form of administrative relief possible in
2   this matter[,] [Plaintiff] personally attempted to resolve this situation twice which proved to be the
3   most amount of due diligence possible outside of Court[, and] this situation involves the threat of
4   imminent health complications to [Plaintiff]."  (*Id.* at 1:23–29).  Nevertheless, Plaintiff has not
5   shown he has exhausted his administrative remedies between September 27, 2024—the date of the
6   subject incident—and October 28, 2024, the date he filed his complaint.

7         The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with
8   respect to prison conditions under . . . any other Federal law . . . by a prisoner confined in any jail,
9   prison, or other correctional facility until such administrative remedies as are available are
10  exhausted."  42 U.S.C. § 1997e(a).  Exhaustion of administrative remedies is mandatory and
11  "unexhausted claims cannot be brought in court."  *Jones v. Bock*, 549 U.S. 199, 211 (citation
12  omitted).  The exhaustion requirement applies to all inmate suits relating to prison life, *Porter v.*
13  *Nussle*, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or offered by the
14  administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001).

15        Inmates are required to "complete the administrative review process in accordance with the
16  applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court."
17  *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006).  In California, state-inmate grievances are subject to
18  two levels of review.  *See* Cal. Code Regs. tit. 15, §§ 3481(a), 3999.226(a)(1).  Prisoners must
19  generally receive a disposition from the second level of review before administrative remedies are
20  deemed exhausted.  *See id.* §§ 3483(m)(1), 3486(m), 3999.226(h); *but see id.* § 3483(m)(2).

21        In general, failure to exhaust is an affirmative defense that the defendant must plead and
22  prove.  *Jones*, 549 U.S. at 204, 216.  However, courts may dismiss a claim if failure to exhaust is
23  clear on the face of the complaint.  *See Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014).

24        Here, it appears clear on the face of his complaint that Plaintiff has failed to exhaust
25  administrative remedies prior to filing suit.  Although Plaintiff assert that "no form of
26  administrative relief [is] possible in this matter," that is not a proper basis to fail to pursue
27  administrative remedies.

28        Accordingly, the Court will direct Plaintiff to make a written filing in which he sets forth

the reasons by this Court should not dismiss this action for his failure to exhaust administrative remedies.

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED:

1. Within 30 days of the date of this Order, Plaintiff shall show cause in writing why this action should not be dismissed for his failure to exhaust. Alternatively, Plaintiff may file a notice of voluntary dismissal; and

2. Within 45 days of the date of this Order, Plaintiff shall submit the attached application to proceed in forma pauperis, completed and signed, or in the alternative, pay the $405.00 filing fee for this action.

**No requests for extension will be granted without a showing of good cause**. **Failure to comply with this order will result in a recommendation that this action be dismissed.**

IT IS SO ORDERED.

Dated: __November 6, 2024__   _____
UNITED STATES MAGISTRATE JUDGE