UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN MARCUS ZINMAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>R. COGBURN,<br><br>　　　　　Defendant. | Case No. 1:24-cv-01320-CDB (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE<br><br>(Docs. 3, 4, 5)<br><br>Clerk of the Court to Assign District Judge<br><br>**14-DAY OBJECTION PERIOD** |

Plaintiff Justin Marcus Zinman is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.　　RELEVANT PROCEDURAL BACKGROUND**

Plaintiff initiated this action with the filing of a complaint on October 28, 2024. (Doc. 1). A brief review of the complaint reveals the incident giving rise to Plaintiff's claims occurred on September 27, 2024. (*Id.* at 7). In his complaint, Plaintiff attests that his "claims have not been formally exhausted because . . .there is no form of administrative relief possible in this matter[,] [Plaintiff] personally attempted to resolve this situation twice which proved to be the most amount of due diligence possible outside of Court[, and] this situation involves the threat of imminent health

1  complications to [Plaintiff]." (*Id.* at 1:23–29). Nevertheless, Plaintiff has not shown he has
2  exhausted his administrative remedies between September 27, 2024—the date of the subject
3  incident—and October 28, 2024, the date he filed his complaint.
4      On November 6, 2024, the undersigned issued an Order to Show Cause (OSC) Why Action
5  Should Not Be Dismissed for Failure to Exhaust Administrative Remedies. (Doc. 3). Plaintiff was
6  afforded 30 days within which to respond to the OSC, or in the alternative, file a notice of voluntary
7  dismissal. (*Id.*). On November 21, 2024, Plaintiff responded to the OSC and stated that "by
8  mistake, [he] thought that the express threat of imminent serious injury/death [of blood pouring
9  from his ear after a rotten tooth infection] constituted a legitimate reason to avoid § 1997e
10 exhaustion requirements." (Doc. 5 p. 1). Plaintiff concedes that he is not "actually in danger, . . .
11 just predictably/politically threatened by it" due to California Correctional Health Care System's
12 ("CCHCS") policy when patients refuse healthcare service. (*Id.*). Plaintiff argues that "this case
13 should remain open" despite his failure to exhaust administrative remedies because he has filed a
14 healthcare grievance form on November 17, 2024, and the "case [should] remain open for at least"
15 until the "grievance process [is exhausted] within the 45 days allotted for Plaintiff's time to pay[.]"
16 (*Id.* at 2); *see* (Doc. 3 p. 3). Additionally, should the Court grant Plaintiff's request therein to allow
17 him to amend the complaint, Plaintiff argues the case should remain open as the amended complaint
18 "would be postured more like a *Monell* claim" and "[t]hus the action would not be subject to
19 exhaustion requirements." (*Id.*).
20     **II.**    **EXHAUSTION REQUIREMENTS**
21     The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought
22 with respect to prison conditions under . . . any other Federal law . . . by a prisoner confined in any
23 jail, prison, or other correctional facility until such administrative remedies as are available are
24 exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is mandatory and
25 "unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (citation
26 omitted). The exhaustion requirement applies to all inmate suits relating to prison life, *Porter v.*
27 *Nussle*, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or offered by the
28 administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001).

Inmates are required to "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006).  In California, state-inmate grievances are subject to two levels of review.  *See* Cal. Code Regs. tit. 15, §§ 3481(a), 3999.226(a)(1).  Prisoners must generally receive a disposition from the second level of review before administrative remedies are deemed exhausted.  *See id.* §§ 3483(m)(1), 3486(m), 3999.226(h); *but see id.* § 3483(m)(2).

In general, failure to exhaust is an affirmative defense that the defendant must plead and prove.  *Jones*, 549 U.S. at 204, 216.  However, courts may dismiss a claim if failure to exhaust is clear on the face of the complaint.  *See Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014); *see Meador v. Pleasant Valley State Prison*, 333 Fed. Appx. 177, 178 (9th Cir. 2009) ("Sua sponte dismissal for failure to exhaust administrative remedies under the PLRA is only appropriate if, taking the prisoner's factual allegations as true, the complaint establishes his failure to exhaust and, thus, fails to state a claim upon which relief can be granted.") (citing *Jones v. Bock*, 549 U.S. 199, 214-15 (2007)) (unpublished).

### III.    DISCUSSION

It is clear on the face of Plaintiff's complaint and response to the OSC that Plaintiff failed to exhaust administrative remedies prior to filing suit.  Although Plaintiff asserts that "no form of administrative relief [is] possible in this matter[,]" (Doc. 1 ¶ 6), that is not a proper basis to fail to pursue administrative remedies.  (Doc. 3 p. 2).  Nor is Plaintiff's mistaken belief that he faced an express threat of imminent serious injury or death an excepted basis from the exhaustion requirement.  *Wilkins v. Correctional Officers*, No. No. CV 21-3383-VAP(E), 2022 WL 3206422 at *7 (C.D. Cal. July 13, 2022) ("The PLRA's exhaustion provision contains no such express 'imminent danger' exception.").  Indeed, Plaintiff's filing of a healthcare grievance form on November 17, 2024, and request that the case not be dismissed until the "grievance process [is exhausted] within the 45 days allotted for Plaintiff's time to pay" corroborate what is plain from the face of Plaintiff's complaint – he dd not attempt to exhaust, nor has he completed exhaustion, of administrative remedies prior to filing suit.  Accordingly, the Court recommends dismissal of this action without prejudice to Plaintiff's refiling once his claims are exhausted.  *Baca*, 747 F.3d

at 1166; *see* 42 U.S.C. 1997e(a).

## IV. CONCLUSION AND RECOMMENDATION

Accordingly, the Court HEREBY DIRECTS the Clerk of the Court to randomly assign a district judge to this action.

For Plaintiff's prompt response (Doc. 5) to the Court's order to show cause, the order to show cause dated November 7, 2024 (Doc. 3) is HEREBY DISCHARGED.

Furthermore, the undersigned HEREBY RECOMMENDS that the action be dismissed, without prejudice, based on Plaintiff's failure to exhaust his administrative remedies as required by the PLRA as is clear on the face of his complaint.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. **Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge** when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **December 3, 2024**  _____
UNITED STATES MAGISTRATE JUDGE