**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JUSTIN MARCUS ZINMAN,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>R. COGBURN,<br><br>　　　　　　Defendant. | Case No. 1:24-cv-01320 JLT CDB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES, AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE<br><br>(Doc. 8) |

Justin Marcus Zinman seeks to hold the defendants liable for violations of his civil rights. (*See generally* Doc. 1.) The magistrate judge observed that the incident forming the basis of Plaintiff's claims occurred on September 27, 2024, and ordered Plaintiff to show cause as to why the action should not be dismissed for failure to exhaust his administrative remedies. (Doc. 3.) After receiving Plaintiff's response, the magistrate judge found Plaintiff failed to exhaust his administrative remedies, and Plaintiff's "belief that he faced an express threat of imminent serious injury or death" did not provide and exception from the exhaustion requirement." (Doc. 8 at 3.) Therefore, the magistrate judge recommended the action be dismissed "without prejudice to Plaintiff's refiling once his claims are exhausted." (*Id.*; *see also id. at* 4.)

　　Plaintiff timely filed a response to the Findings and Recommendations. (Doc. 9.) Although entitled "objection," Plaintiff indicates that he "does not want this action to be obfuscated by an issue like exhaustion … and it would be probably advantageous for the Plaintiff

to refile[.]" (*Id.* at 1).  He also indicates that he "concede[s] that refiling once administrative procedures are exhausted would outweigh the benefits of moving forward with this Complaint." (*Id.*).  Plaintiff expresses in his objections an intention to include a claim in a new action pursuant to "*Monell*."  (*Id.* at 1-3.)

According to 28 U.S.C. § 636(b)(1), the Court conducted a *de novo* review of this case. Having carefully reviewed the entire file, including Plaintiff's objections, the Court concludes the Findings and Recommendations are supported by the record and by proper analysis.  Because the *Monell* issue that Plaintiff forecasts is not before the Court at this time, the Court declines to offer an advisory opinion concerning the exhaustion requirements or merits of such a claim.  Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on December 3, 2024 (Doc. 8), are **ADOPTED** in full.
2. This action is **DISMISSED** without prejudice for failure to exhaust administrative remedies.
3. The Clerk of Court is directed to terminate pending motions and close this case.

IT IS SO ORDERED.

Dated:   **December 23, 2024**

UNITED STATES DISTRICT JUDGE